**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CRAIG ZUCHELKOWSKI,<br><br>Plaintiff,<br>vs.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No.: 2:20-cv-02182-GMN-EJY<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 22), filed by Defendant Geico General Insurance Company ("Defendant"). Plaintiff Craig Zuchelkowski ("Plaintiff") filed a Response, (ECF No. 26), to which Defendant filed a Reply, (ECF No. 28).

For the reasons discussed below, the Court **GRANTS in part and DENIES in part** Defendant's Motion to Dismiss.

## I. BACKGROUND

This case arises from an insurance coverage dispute, stemming from Plaintiff's personal injury after a vehicle collision with an at-fault driver that Defendant also insured. (*See generally* First Am. Compl. ("FAC"), ECF No. 21). The parties provide a detailed review of the facts alleged in the Amended Complaint, and the background and procedural history of the case in their briefing for the Motion to Dismiss. (Mot. Dismiss ("MTD") 1:26–2:24, ECF No. 22); (Resp. 2:17–5:14, ECF No. 26). Defendant now moves to dismiss the Amended Complaint for failure to state a claim. (*See generally* MTD).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly,* 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

///

///

## III. DISCUSSION

Plaintiff brings three claims against Defendant: (1) breach of contract; (2) violation of the Nevada Unfair Claims Practices Act ("NUCPA"); and (3) breach of the implied covenant of good faith and fair dealing.[1] (*See* FAC ¶¶ 35–66). Defendant moves to dismiss Plaintiff's second and third causes of action because he does not plead specific, factual allegations to support them. (*See* MTD 5:21–11:1). The Court addresses these claims in turn.

### A. Nevada Unfair Claims Practices Act

Plaintiff's second cause of action alleges NUCPA violations pursuant to NRS 686A.310. (FAC ¶¶ 46–60). Defendant moves to dismiss this claim because Plaintiff essentially recites the NUCPA statutory text in the FAC without further explanation. (MTD 5:21–6:11, 10:4–11:1). NRS 686A.310 specifies certain unfair practices by insurance companies and provides a cause of action for an insured to enforce these provisions against an insurer. *See* NRS 686A.310; *Hart v. Prudential*, 848 F. Supp. 900, 903 (D. Nev. 1994). For instance, NRS 686A.310(1)(e) deems it an unfair trade practice when an insurer fails "to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear." "Unlike a cause of action for bad faith, the provisions of NRS § 686A.310 address the manner in which an insurer handles an insured's claim whether or not the claim is denied." *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010).

Here, Plaintiff does not defend this claim other than by stating he has identified five provisions of the NUCPA that Defendant violated and that he has provided sufficient details in his FAC to support his NUCPA claim. (*See* Resp. 15:7–17:2). Because these conclusory arguments essentially amount to a failure to present points and authorities in response to Defendant's MTD, the Court grants dismissal of Plaintiff's NUCPA claim. *See* LR 7-2(d)

---

[1] Plaintiff also brought an NUCPA claim against a since-dismissed Defendant Leigh Aubuchon. (*See* FAC ¶¶ 46–60); (Order Dismiss 1:21–25, ECF No. 30). Because Defendant Leigh Aubuchon is no longer a party to this case, the Court need not address these mooted dismissal arguments.

("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."). Notwithstanding dismissal under LR 7-2(d), Plaintiff's only argument with passable substance also fails. He asserts Defendant did not attempt to settle Plaintiff's claim after receiving his demand letter but simply denied his insurance claim. (Resp. 16:16–19). However, Plaintiff does not explain how this allegation supports any of the provisions of NRS 686A.310 he claims Defendant violated. (*See generally id.*). This failure generally represents Plaintiff's failure to connect his factual allegations to specific violations of NRS 686A.310 in his FAC and Response.[2] Accordingly, the Court grants dismissal of Plaintiff's NUCPA claim without prejudice and with leave to amend.

**B. Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing (Bad Faith)**

Next, Plaintiff alleges that Defendant did not act in good faith when it denied his insurance claim for the damages he sustained after the automobile collision. (*See* FAC ¶¶ 61–66). Defendant characterizes Plaintiff's allegations as a dispute over the value of his injury, which does not give rise to a cause of action. (MTD 6:13–10:1). Plaintiff responds that his allegations do not reflect a dispute over valuation, but rather that Defendant failed to: (1) properly account for Plaintiff's damages; (2) properly investigate his claim; and (3) make any offer. (Resp. 19:17–22).

Under Nevada law, breach of the implied covenant of good faith and fair dealing can give rise to a tort when a special relationship exists between the parties to the contract, such as the relationship between an insurer and the insured. *Insurance Co. of the West v. Gibson Tile*

---

[2] In addition, as Defendant correctly notes, Plaintiff does not plead with specific, factual allegations that any officer, director, or department head knew about the alleged NRS 686A.310 violations. (MTD 5:2–6:11); *see* NRS 686A.270. As such, this establishes alternative grounds for dismissing without prejudice and with leave to amend Plaintiff's NUCPA claim. *See Hackler v. State Farm Mut. Auto. Ins. Co.*, 210 F. Supp. 3d 1250, 1255 (D. Nev. 2016) ("The unfair practices statute clearly requires proof that an officer, director, or department head was aware of the violations."); *Sanders v. Church Mut. Ins. Co.*, No. 2:12-cv-01392-LRH, 2013 WL 663022, at *3 (D. Nev. Feb. 21, 2013) (applying NRS 686A.270 within the context of a 12(b)(6) dismissal attempt).

*Co., Inc.*, 134 P.3d 698, 702 (Nev. 2006). In the insurance context, this tort is commonly referred to as a claim for "bad faith." *See id.* at 703. "An insurer breaches the duty of good faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'" *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (quoting *United States Fidelity & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975)). To constitute a denial "without proper cause," an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986) (citing *Peterson*, 540 P.2d at 1070). In other words, an insurer's incorrect determination that coverage does not exist under a particular policy is not an actionable tort, unless there was no reasonable basis for that determination. *Pioneer*, 863 F. Supp. at 1242.

Here, Plaintiff includes allegations lending support to the notion that Defendant acted in a manner unfaithful to the purpose of the Policy and that Plaintiff's justified expectations under the Policy were denied. For instance, he alleges that: (1) Defendant knew detailed accounts of his injuries and medical expenses caused by the automobile collision, (FAC ¶¶ 18, 20, 31); (2) although the other driver was determined to be at fault, Defendant refused to settle Plaintiff's claims promptly, fairly, or equitably until after he filed an action against Defendant and the at-fault driver, (*id.* ¶¶ 16–17, 21–24); (3) Defendant knew the at-fault driver's policy did not cover all of Plaintiff's medical expenses but denied Plaintiff's claim under his underinsured ("UIM") provisions of his policy without explanation, (*id.* ¶¶ 18, 20, 25–26, 34, 56); and (4) as a result, Plaintiff initiated this action to receive payment under the UIM provisions of his insurance policy to cover the full cost of his medical expenses, (*see id.* ¶¶ 27–29).

In response, Defendant makes no mention of these allegations, but merely boils them down to a dispute over valuation. (*See* MTD 6:13–10:1). Although Plaintiff alleges in passing that Defendant undervalued his claim, the FAC does not bear this out. Instead, Plaintiff pleads

with factual allegations that without explanation or adequate investigation, Defendant denied his UIM claim despite being aware that the settlement amount Defendant begrudgingly paid was insufficient. (FAC ¶¶ 16–18, 20–24–26, 31, 34, 56). Put another way, Plaintiff sufficiently pleads with enough specificity that Defendant acted unreasonably and with knowledge that there was no reasonable basis for its conduct. *See Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996); *Am. Excess Ins. Co*, 729 P.2d at 1354. Accordingly, the Court denies dismissal of Plaintiff's bad faith claim.

**C. Leave to Amend**

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court finds that Plaintiff may be able to plead additional facts to support his NUCPA claim. Accordingly, the Court grants Plaintiff leave to file an amended complaint. The Court, however, cautions that an amended complaint must plead particular facts giving rise to an NUCPA claim, as well as connect those facts with specific statutory provisions. In addition, Plaintiff must provide specific, factual allegations satisfying the burden NRS 686A.270 imposes. Plaintiffs shall file their amended complaint within twenty-one (21) days of the date of this Order if they can allege sufficient facts that plausibly establish Plaintiff's NUCPA claim. Failure to file an amended complaint by this date shall result in the Court dismissing this claim with prejudice.

**IV. <u>CONCLUSION</u>**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 22), is **GRANTED in part and DENIED in part**, consistent with this Order.

**IT IS FURTHER ORDERED** that if Plaintiff seeks to amend claims dismissed without prejudice, Plaintiff shall file an amended complaint within twenty-one (21) days from the entry of this Order.

**DATED** this __13__ day of February, 2023.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT